# Exhibit B

**Pleadings and Answers**

8/6/2019 9:21 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35717026
By: Carolina Salgado
Filed: 8/6/2019 9:21 AM

# 2019-53800 / Court: 281

### CAUSE NO. _____

| | | |
|---|---|---|
| HUMBERTO GUZMAN | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MIC GENERAL INSURANCE | § | |
| CORPORATION, | § | |
| *Defendant.* | § | ___TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, HUMBERTO GUZMAN (herein "Plaintiff") and files this PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE, complaining of MIC GENERAL INSURANCE CORPORATION (herein "MIC"), and respectfully shows this Honorable Court the following:

### I.   DISCOVERY CONTROL PLAN

1.   Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.   PARTIES

2.   Plaintiff Humberto Guzman is an individual residing in Harris County, Texas.

3.   Defendant MIC is a foreign insurance company engaged in the business of insurance in the State of Texas with its principal office located in Winston-Salem, North Carolina. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant in the State of Texas, in Harris County. Defendant MIC may be served via its registered Attorney for Service: Corporation Service Company, 211 East 7th Street Suite 620, Austin, TX 78701-3218.

### III.   JURISDICTION

4.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend this petition during and/or after the discovery process.

5.      The Court has jurisdiction over Defendant MIC because this defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

### IV.   VENUE

6.      Venue is proper in Harris County, Texas, because the insured property is situated in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

### V.   FACTS

7.      Plaintiff is the owner of a Texas Homeowners' Insurance Policy, with Policy No. P5002914, which was issued and sold by MIC (hereinafter referred to as "the Policy").

8.      Plaintiff owns the insured property, which is specifically located at 6339 Limestone St, Houston, TX 77092 which is located in Harris County, Texas (herein "the Property").

9.      On or about August 27, 2017, Hurricane Harvey struck Harris County, Texas ("the Incident"). This storm caused substantial damage to buildings in the area, including Plaintiff's Property. On or about August 3, 2018, Plaintiff had an independent estimate conducted on the Property. Plaintiff's estimator found severe flood damage throughout the property, which would cost $156,682.37 to repair.

---

10.     Prior to the inspection conducted by Plaintiff's estimator, Plaintiff submitted a claim to MIC against the Policy referenced in paragraph 7 for flood damage to the Property sustained as a result of the Incident, and his claim was assigned claim number L17023409 by Defendant MIC ("the Claim"). Plaintiff asked that MIC cover all costs of repairs to the Property, as shown *supra*, pursuant to the Policy.

11.     MIC acknowledged the claim and informed the Plaintiff that further on-site investigation of the claim might be necessary.

12.     Thereafter, MIC assigned Mr. Daniel Ferrin to inspect the Property and adjust the claim on its behalf. Ferrin was improperly trained and/or supervised, spent an inadequate amount of time assessing damages, and failed to perform a thorough evaluation of Plaintiff's claim. Ferrin inspected Plaintiff's property twice. Overall, Ferrin conducted substandard inspections of Plaintiff's Property. On his first inspection, Mr. Ferrin only found damages of $7,665.27. Upon reinspection, Mr. Ferrin issued a report that found $42,996.57 in damages. The vast gulf between Mr. Ferrin's first and second reports indicates that Mr. Ferrin performed an inadequate inspection the first time, and it also implies that his second inspection, while finding much more damage, was likely also insufficiently thorough. The inadequacy of Ferrin's inspections is clearly evidenced by his reports, which failed to include and/or undervalued most of Plaintiff's covered damages. Ferrin failed to assess many of Plaintiff's damages ("omitted damages"), despite the presence of clearly visible evidence of flood damage. Rather than a mere oversight, the conspicuous nature of the omitted damages strongly suggest that they were left off Ferrin's estimate in an unlawful attempt to underpay Plaintiff's claim. Alternatively, the omitted damages strongly support the finding that Ferrin spent an inadequate time scoping for damages, and conducted a haphazard, incomplete

investigation of Plaintiff's claim. In addition to omitting and/or undervaluing Plaintiff's covered damages in his report, Ferrin underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to properly account for overhead and profit, and improperly calculated the actual cash value of Plaintiff's loss under the Policy. Ultimately, Ferrin's estimate did not allow adequate funds to cover the cost of repairs for all of the damages sustained by Plaintiff. Ferrin's inadequate investigation was relied upon by MIC in this action and resulted in Plaintiff's claim being substantially undervalued and denied.

13.     Defendant MIC failed to adequately train and supervise Ferrin, resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, MIC failed to thoroughly review and properly oversee the work of Ferrin, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim. Because of Defendant's wrongful acts and omissions set forth above and further described herein, Plaintiff's claim was improperly adjusted and underpaid, resulting in damages to the Plaintiff.

14.     Together, Defendant MIC and Ferrin set about to deny and/or underpay on properly covered damages. Defendant MIC and Ferrin misrepresented to Plaintiff that Ferrin's estimate included all of Plaintiff's properly covered damages and made sufficient allowances to cover the cost of repairs to Plaintiff's Property pursuant to the Policy; when, in fact, Ferrin's estimate failed to include most of Plaintiff's properly covered damages and failed to allow for sufficient amounts to cover the cost of repairs to the Property. Defendant MIC failed to provide full coverage for the damages sustained by Plaintiff and under-scoped and undervalued Plaintiff's damages, thereby denying full payment on Plaintiff's claim. As a result of the Defendant's unreasonable investigation, Plaintiff's claim was improperly adjusted and underpaid, and Plaintiff has suffered

damages. The mishandling of Plaintiff's claim has caused a delay in Plaintiff's ability to repair the Property and has likely resulted in further damages to the dwelling. To date, Plaintiff has yet to receive sufficient payment that he is entitled to under the Policy.

15.     As detailed in the paragraphs below, Defendant MIC and Ferrin wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

16.     Defendant MIC failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay adequate proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property. MIC's conduct constitutes a breach of the insurance contract between MIC and Plaintiff.

17.     Defendant MIC and Ferrin misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant MIC and Ferrin's conduct constitute violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

18.     . Defendant MIC and Ferrin failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendant MIC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

19.     Defendant MIC and Ferrin failed to explain to Plaintiff the reasons for their denial of Plaintiff's full claim. Specifically, Defendant MIC and Ferrin failed to offer Plaintiff adequate compensation, without sufficient explanation as to why full payment was not being made.

Furthermore, Defendant MIC and Ferrin did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy. The conduct of Defendant MIC and Ferrin is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

20. Defendant MIC refused to fully compensate Plaintiff, under the terms of the Policy, even though MIC and Ferrin failed to conduct a reasonable investigation. Specifically, MIC and Ferrin performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of MIC and Ferrin constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

21. Defendant MIC failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. MIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

22. Defendant MIC failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. MIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

23. Defendant MIC and Ferrin knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

24.    As a result of Defendant MIC and Ferrin's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing him with respect to these causes of action.

## VI.    CAUSES OF ACTION

25.    Defendant MIC is liable to Plaintiff for breach of contract, "knowing" violations of Chapters 541 and 542 of the Texas Insurance Code, and for Ferrin's acts as MIC's agent.

### A. BREACH OF CONTRACT

26.    Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

27.    Defendant MIC's conduct constitutes a breach of the insurance contract made between MIC and Plaintiff.

28.    A contract exists when: 1) an offer is made for goods or services; 2) acceptance is followed thereafter; 3) there is a meeting of the minds between the parties; 4) each party consents to the essential terms; and 5) there is an execution and delivery of the contract with the intent that it is mutual and binding. *Baroid Equipment, Inc. v. Odeco Drilling, Inc.*, 184 S.W.3d 1, 17 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

29.    A party may breach the contract by failing to uphold its obligations under the terms of the contract, after the other party has already performed, and the second party has suffered damages.

30.    Defendant MIC's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the policy in question, and under the laws of the State of Texas, after Plaintiff fully performed all of his obligations under the Policy, including the payment of the premium, constitutes a breach of MIC's insurance contract with Plaintiff.

### B. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

31.     Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

32.     Defendant MIC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

33.     Defendant MIC's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue – specifically, misrepresenting to Plaintiff that damages sustained to the Property during the Incident were not covered despite the fact that damages were the result of a peril/s covered by the policy at issue – constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

34.     Defendant MIC's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though MIC's liability under the policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

35.     Defendant MIC's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

36. Defendant MIC's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

C. NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

37. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

38. Defendant MIC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Violations under this article are made actionable by TEX. INS. CODE §542.060.

39. Defendant MIC's failure to notify Plaintiff in writing of its acceptance or rejection of the entire claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

40. Defendant MIC's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

D. REPONDEAT SUPERIOR

41. Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

i. Non-Compliance with Texas Ins. Code: Unfair Settlement Practices

42. During his investigation, Ferrin failed to properly assess Plaintiff's damages. Specifically, Ferrin spent an inadequate time investigating whether Plaintiff's damages were covered under the Policy and substantially undervalued Plaintiff's properly covered damages. *See supra* ¶¶ 9, 12.

43.     Ferrin's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

44.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Ferrin's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using his own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Ferrin's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

45.     Ferrin's unfair settlement practice, as described above, of failing to attempt in good faith to *effectuate* a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

46.     The unfair settlement practice of Ferrin as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

47.     Ferrin's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

48.     Ferrin did not properly inspect the Property and therefore failed to assess many of the Plaintiff's covered damages, although Plaintiff had reported the same to Ferrin. Ferrin's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

ii.     Deceptive Trade Practices Act ("DTPA")

49.     An insured that is subject to prohibited conduct by an insurance carrier, or its representatives and agents, can seek redress under both the Texas Insurance Code and the Texas Deceptive Trade Practices Act (herein "DTPA"). TEX. BUS. & COM. CODE § 17.43; *Vail v. Texas Farm Bur. Mut. Ins. Co.*, 754 S.W.2d 129, 133-36 (Tex. 1988).

50.     Plaintiff is a "consumer" under the DTPA. TEX. BUS. & COM. CODE § 17.45(4).

51.     Section 17.45(5) of the DTPA defines "unconscionable action or course of action" as "an act or practice which, to a consumer's detriment, takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." TEX. BUS. & COM. CODE § 17.45(5).

52.     Section 17.50 of the DTPA authorizes a consumer to "maintain an action where [...] any unconscionable action or course of action *by any person*" constitutes a producing cause of economic damages or damages for mental anguish. TEX. BUS. & COM. CODE § 17.50(a)(3) (emphasis added).

53.     In the instant matter, Ferrin clearly sought to take advantage of the lack of knowledge, ability, experience, or capacity of the Plaintiff to a grossly unfair degree. Specifically, Ferrin sought to use his superior knowledge, ability, experience, and/or capacity to deceive Plaintiff into believing that his reports correctly accounted for all the flood damage to the property, which was limited; when, in fact, the damage was much more extensive than Ferrin represented, and would cost far more to repair than he reported. *See* supra ¶ 9, 12. Plaintiff relied on Ferrin's misrepresentations and suffered harm. Moreover, Plaintiff contends that Ferrin's conduct was done with "malice," as that term is construed under the Texas Civil Practice and Remedies Code.

54.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Ferrin is an agent of Defendant MIC based on Defendant MIC's acts, ratification, negligent hiring and training, supervision and/or omissions during the handling of this claim, including but not limited to, inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

55.     Separately, and/or in the alternative, as referenced and described above, Defendant MIC ratified the acts, negligent hiring and training, supervision and/or omissions of Ferrin, including the completion of his duties under the common-law and statutory law.

## VII.   **KNOWLEDGE**

56.     Plaintiff re-alleges and incorporates the facts and allegations set forth in the above paragraphs as if they were fully set forth at length herein.

57.     Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## VIII.   **DAMAGES**

58.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

59.     As previously mentioned, the damages caused by the August 27, 2017 hurricane have not been properly addressed or repaired in the months since the Incident, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant MIC's mishandling of Plaintiff's claim in violation of the laws set forth above.

60.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

61.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times his actual damages. TEX. INS. CODE §541.152.

62.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

63.     For Ferrin's violation of the DTPA, Plaintiff is entitled to economic damages, damages for mental anguish, exemplary damages, court costs & expenses, and reasonable attorneys' fees.

64.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## IX.     CONDITIONS PRECEDENT

65.     Plaintiff asserts that all conditions precedent to filing suit under the policy referenced in paragraph 7 have been met and fulfilled.

## X.     REQUESTS FOR DISCLOSURE

66.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests Defendant MIC disclose, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a) through (l) of the Texas Rules of Civil Procedure.

## XI.     PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon trial hereof, said Plaintiff recovers such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the

award of attorney's fees for the trial and any appeal of this case, for all costs of Court on his behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which he is justly entitled.

Respectfully submitted this the 6th day of August 2019.

**ARGUELLO LAW FIRM**
101 East Little York Rd., Ste D
Houston, Texas 77076
Telephone: (281) 884-3960
Facsimile: (281) 884-3961

By: /s/ *Andres A. Arguello*
**Andres A. Arguello**
SBN: 24089970
andres@defyoppression.com
**Martin A. Arguello**
SBN: 24064829
arguello@defyoppression.com

COUNSEL FOR PLAINTIFF
HUMBERTO GUZMAN

CAUSE NO. 2019-53800

| | | |
|---|---|---|
| HUMBERTO GUZMAN | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| MIC GENERAL INSURANCE CORP. | § | |
| | § | |
| Defendant | § | 281ST JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT
## <u>MIC GENERAL INSURANCE CORPORATION</u>

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, MIC General Insurance Corporation ("Defendant"), and files this original answer and respectfully shows the Court as follows.

### I.  GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendant generally denies the material allegations in Plaintiff's most recent petition.

### II.  VERIFIED PLEAS

Pursuant to Texas Rule of Civil Procedure 93, Defendant asserts that the insurance policy upon which Plaintiff's petition is founded is without consideration, or that the consideration has failed in whole or in part.  Defendant also asserts that notice and proof of loss of claim for damage has not been given as alleged.  Specifically, the applicable insurance policy required Plaintiff to prepare an inventory of damaged property showing the quantity, description, actual cash value and amount of loss, and to attach all bills, receipts and related documents.  The applicable insurance policy also required Plaintiff to send Defendant, within sixty days after any alleged loss, a signed, sworn proof of loss that furnished Defendant with additional important information.  Plaintiff failed to do both of these things.

### III. AFFIRMATIVE DEFENSES

Pursuant to Texas Rule of Civil Procedure 94, Defendant sets forth the following affirmative defenses:  accord and satisfaction, estoppel, failure of consideration, failure to comply with the applicable insurance policy, fraud, laches, payment, statute of limitations and waiver.

Also pursuant to Texas Rule of Civil Procedure 94, Defendant specifically alleges that all or part of Plaintiff's alleged loss was due to a risk or cause coming within an exception to coverage under the applicable insurance policy.  Defendant asserts its right and entitlement to rely on and to enforce all of the terms, conditions, definitions, deductibles, limitations, exclusions and endorsements of the policy, and does not and will not waive any of them.  In addition, Defendant specifically asserts the following provisions of Policy Number P-5002914 issued to Plaintiff's lender, Bank of America, N.A.:  General Property Form Section IV Property Not Covered paragraphs 1-16, Section V Exclusions A-E and Section VI General Conditions A-S, and Dwelling Form Section IV Property Not Covered paragraphs 1-16, Section V Exclusions A-F and Section VI General Conditions A-S.

### IV. PAYMENT

Pursuant to Texas Rule of Civil Procedure 95, Defendant plainly and particularly describes the following payments relating to Plaintiff's alleged loss:  (1) payment of approximately $37,000.00 made to Plaintiff and/or his mortgage lender for damages allegedly relating to a flood in 2015, (2) payment of approximately $65,000.00 made to Plaintiff and/or his mortgage lender for damages allegedly relating to a flood in 2016 and (3) payments of $42,996.57 made to Plaintiff and/or his mortgage lender for damages allegedly relating to Hurricane Harvey.

## V.  ADDITIONAL FACTS AND ISSUES

Plaintiff made previous flood claims regarding his property with alleged dates of loss in 2015 and again in 2016.  He and/or his mortgage lender received more than $100,000.00 as a result of these claims.  Plaintiff also made at least one recent windstorm claim regarding his property.

Shortly after Plaintiff reported a Hurricane Harvey claim, Defendant's third party administrator requested information regarding the status of repairs made to Plaintiff's property after the 2016 flood.  Plaintiff refused to provide any of the requested information.  Still, Defendant made an initial payment on the Hurricane Harvey claim in October of 2017.

Defendant continued to request information regarding repair of Plaintiff's 2016 flood damage.  Finally, in January of 2018, Plaintiff provided a single piece of paper:  a handwritten "invoice" from a contractor indicating that he was willing to repair Plaintiff's 2016 flood damage for a total of $52,000.00.  Plaintiff and/or his mortgage lender had received in excess of $65,000 for the 2016 flood claim.

Nevertheless, within a few days after receiving nothing more than this single piece of paper from Plaintiff, Defendant made a second and final payment regarding the Hurricane Harvey claim at issue in this lawsuit.

After the second and final Hurricane Harvey claim payment in January of 2018, Plaintiff expressed no concerns and no dissatisfaction regarding the handling and payment of this claim until many months later, when Plaintiff's counsel sent a letter of representation.  Despite the clear and unambiguous requirements of the applicable insurance policy, Plaintiff and his lawyer failed and refused to provide the required proof of loss and in fact any kind of contractor estimate at all until August 29, 2018 -- a full year after the hurricane, when Plaintiff's counsel sent a grossly exaggerated "estimate" from an unknown and undisclosed "estimator."

Even as of the date of the filing of this answer, Plaintiff and his lawyer have failed and refused to communicate any specific concerns regarding specific Harvey-related damages that they believe that Defendant has not addressed.

Plaintiff has no contract of any kind with Defendant.  Plaintiff has no "special relationship" with Defendant.  Plaintiff is merely a third party claimant with no standing to seek relief under the Texas Insurance Code.  Plaintiff is not a "consumer" as that term is defined in the Texas Deceptive Trade Practices Act.  Defendant did not engage in any false, misleading or deceptive act or practice, and did not engage in any unconscionable action or course of action. No act or omission of Defendant was a proximate, producing or other cause of damage to Plaintiff.  Defendant acted reasonably and in good faith with respect to the insurance claim at issue in this lawsuit, and complied with any potentially applicable contractual, statutory and common law duties and obligations that might have been owed to Plaintiff or to persons or entities other than Plaintiff.

Defendant asserts that Plaintiff bears the burden (1) to prove that his damages are covered by the applicable insurance policy, and (2) to segregate the damages allegedly attributable solely to a covered peril from the damages wholly or partially attributable to a non-covered peril, as required by the doctrine of concurrent causation.  Plaintiff is entitled to recover only damages that were caused solely by a covered peril.

Defendant asserts that a bona fide controversy existed, and continues to exist, as to (1) whether Plaintiff is entitled to additional insurance benefits over and above what has already been paid to Plaintiff and/or to Plaintiff's mortgage lender and, in fact, (2) whether Plaintiff is or was entitled to any benefits at all under the applicable insurance policy.  Any payment, partial payment and/or denial of insurance benefits was reasonable and was made in full compliance with the applicable policy.  Defendant is not liable for allegedly acting in "bad faith" just because

Plaintiff and/or others may value an insurance claim differently than Defendant and/or others did.

Defendant asserts that all or part of Plaintiff's alleged damages resulted from normal wear and tear and/or constitute conditions pre-existing the alleged loss.

Defendant asserts that Plaintiff's recovery, if any, is limited by the one satisfaction rule.

Defendant asserts that Plaintiff's contractual damages, if any, cannot exceed the policy limits of the applicable insurance policy.

Defendant asserts that, even if Plaintiff recovers damages as a result of this lawsuit, his recovery must be offset against, and Defendant must receive a credit for, any amount of money and/or other benefit or consideration that Plaintiff or his mortgage lender have already received, or may receive in the future, from Defendant, or from any other person or entity, in payment of Plaintiff's claim.  Additionally, Plaintiff's recovery must be offset against, and Defendant must receive a credit for, the amount of money and/or other benefit or consideration that Defendant or others have paid to Plaintiff, or to persons or entities other than Plaintiff, pursuant to the terms of the applicable policy.

Defendant asserts its potential right and entitlement to all of the benefits and protections afforded by Chapter 33 of the Texas Civil Practice and Remedies Code.  For example, Defendant is entitled to an appropriate credit and/or offset for (1) any damages or losses attributable to the conduct, products and breaches of others and (2) any amounts paid in settlement by or on behalf of others.

Defendant denies that Plaintiff (or his lender) have sustained any covered damages that haven't already been paid; however, to the extent that Plaintiff can somehow prove any additional damages, Defendant asserts that (1) the occurrence in question, and any alleged damages, were caused by new, independent, superseding and/or intervening causes and/or by the

acts and/or omissions of third parties (including but not limited to Plaintiff) for whom Defendant is not legally or otherwise responsible and (2) the sole proximate cause of the occurrence in question, and any alleged damages, was the negligence or legal responsibility of third parties (including but not limited to Plaintiff) for whom Defendant is not legally or otherwise responsible.

Defendant asserts that Plaintiff's claim for exemplary damages violates the due process clause of the Fifth and Fourteenth amendments to the Constitution of the United States, the equal protection rights guaranteed to Defendant under the Fifth, Eighth and Fourteenth amendments to the Constitution of the United States, and Article I, §§ 3, 13 and 19 of the Constitution of the State of Texas.

Defendant asserts that any award of exemplary damages must be limited by Chapter 41 of the Texas Civil Practice and Remedies Code.  Defendant asserts its right and entitlement to all of the benefits and protections afforded by Chapter 41 of the Civil Practice and Remedies Code.

## VI.  CONDITIONS PRECEDENT

Pursuant to Texas Rule of Civil Procedure 54, Defendant denies that all conditions precedent have been performed or have occurred.  For example, Plaintiff failed to comply with several terms and conditions of the applicable policy, including but not limited to the duty to prepare an inventory of damaged property showing the quantity, description, actual cash value and amount of loss, and to attach all bills, receipts and related documents, as well as the duty to send Defendant, within sixty days after any alleged loss, a signed, sworn proof of loss that furnished Defendant with additional important information.

## VII.  RIGHT TO AMEND

Defendant explicitly reserves its right to amend this answer pursuant to Texas Rules of Civil Procedure 62, 63, 64 and any other applicable rules.

VIII.  PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court enter a take nothing judgment against Plaintiff, and also respectfully requests any other relief to which it may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.


_____ /s/ Joseph R. Little _____
Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney in Charge for Defendant MIC General Insurance Corporation


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above document has been served upon all parties that have been served and made an appearance in accordance with the Texas Rules of Civil Procedure on this the 23rd day of September, 2019.

_____ /s/ Joseph R. Little _____
Joseph R. Little

## **VERIFICATION**

STATE OF TEXAS                                    §
                                                 §
COUNTY OF HARRIS                                  §

On this day, Joseph R. Little, having been duly authorized to sign this verification on behalf of MIC General Insurance Corporation, the defendant in the above-styled case, appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said that he read the foregoing answer, and that the statements made in Section II (regarding defensive issues raised pursuant to Texas Rule of Civil Procedure 93) are within his personal knowledge and are true and correct.

_____
Authorized Representative of Defendant MIC General Insurance Corporation

SWORN TO and SUBSCRIBED before me on the 23rd day of September, 2019.

_____
Notary Public In and For the State of Texas

DOZY CRYER
Notary Public, State of Texas
Comm. Expires 02-26-2022
Notary ID 794180